Conyngham, P. J.
We do not see how the Court can interfere and give relief to the defendants upon the ground that the recovery before the arbitrators was for too large a sum ; that is to say upon a purely equitable defence or cause, if all the proceedings against them in the suit be formally correct. It is not in the power to set aside an award regularly obtained, because injustice may have been done to the parties. The remedy alone was an appeal, and if that in proper season was neglected, they mutually agree to let the award stand,
We are allowed by the statute to set aside an award under the compulsory arbitration law, when “the arbitrators have misbehaved themselves in the course of the hearing before them, or where the award was obtained by corruption or other undue means.” There are so many decisions of the Supreme Court, construing these provisions of the statute and saying how far the Court may interfere with such awards, that we need only refer to some of them, without giving our own views in detail. We refer to Rogers vs. Playford, 2 Jones 185; Taggart vs. McGinn, 2 Har. 155; Royer vs. Myers, 3 Har. 89; Walls vs. Wilson, 4 Casey 514; Bemus vs. Clark, 5 Casey 251.
There is no evidence here that the arbitrators misbehaved themselves, or that there was any corruption or fraud in obtain *523 ing their award. Still if there was any irregularity in the proceedings the Court would be justified in setting them aside, for such “undue means” in procuring the award. • A correct and binding award can only depend upon proceedings regular under the-statute. It may be that under the evidence now shown to the Court that plaintiffs have recovered more than they would be entitled to claim under their then compliance with their contract, but, as we have said, the Court cannot now, under the present rule, notice this, if in other respects the proceedings are regular.
The summons in this case was returned served upon S. R. Dickson, president of the company, and V. L. Maxwell, secretary. The service of the original rule of reference was accepted by the same Y. L. Maxwell as secretary, and served on H. B. Wright, Esq., who appeared on the record as counsel for the defendant upwards of fifteen days before the day of appointment. The 12th section of the Act of June 16,1836, P. Laws 719 provides that the service of this rule is to be made by delivering a copy “to the party personally, his agent or attorney,” and in the case of a corporation “on the president or other principal officer, cashier, secretary, or other chief clerk of the corporation.” The evidence shows that Mr. Maxwell was a director and the secretary of the company, and we can discover no error either in the service of the original process under the 41st Section of the Act of June 13th, 1836, P. L. 579, or of this rule under the’arbitration act above referred to. The arbitrators also seem to have been duly sworn at the time fixed in the rule, and of this notice was given Mr. Maxwell on the 8th of November, ten days previous to the day of meeting. Though the special manner of this service is not provided by the 16th Section of the-first mentioned act, by reference to the previous section, and the general act for service of process upon a corporation, this service must be deemed regular. It seems that by the copy of the rule'that a clerical error of the officer who inserts 8th October instead of 8th November, was made, but this can be of no consequence, as it is-established by the other portion of the record and is a manifest mistake; it is so palpable aud not affecting any of the proceedings that it is no irregularity which can be regarded by us as *524 “undue means.” The arbitrators all accepted service of the notice, and this in the absence of any other evidence, though without date, is entirely sufficient. Under this acceptance they are all bound to attend, as duly notified, and when upon the day of meeting one of them, Mr. Richards, absented himself, the attending arbitrators having before them the acceptance of service by the secretary of the company, and all the arbitrators, in the absence of any agreement of the parties to appoint, had the right to appoint another arbitrator, which they did, and so far as appears by the record, we are obliged tó say a proper board made the award. From this award the defendants did not appeal, but suffered the same to mature into a complete and final judgment.
' Under this state of the record, and the facts shown to the ■Court, though injustice may have been done to the defendant by the award, which we would desire to remedy if in our power, Ave cannot see how or where there is ground of equity by setting .aside an award legally obtained so far as the provisions of the Act of Assembly require, where the defendants neglected the only opportunity for redress which the act gave them, by not entering an appeal within the proper time.
The rule then must be discharged.